IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KELLI GOODIN, et al., | ) | CIV. NO. 06-00344 JMS-BMK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | SPECIAL MASTER'S REPORT |
| vs. | ) | RECOMMENDING THAT |
| | ) | PLAINTIFFS' MOTION FOR |
| INNOVATIVE TECHNICAL | ) | ATTORNEY'S FEES AND COSTS |
| SOLUTIONS, INC., et al., | ) | BE DENIED WITHOUT |
| | ) | PREJUDICE |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS BE DENIED WITHOUT PREJUDICE

Before the Court, acting as Special Master pursuant to Local Rule 53.1, is Plaintiffs' motion for attorney's fees and costs. Although this action has not yet concluded and a number of Plaintiffs' claims remain undecided, Plaintiffs nonetheless seek attorney's fees under 29 U.S.C. § 1132(g)(1). Section 1132(g)(1) states that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

The Court hereby FINDS that Plaintiffs' motion is premature, and RECOMMENDS that it be dismissed without prejudice. While the statute does not

specify that motions for attorney's fees may only be filed after final judgment, numerous courts have found such motions premature.  See Int'l Brotherhood of Elec. Workers Local No. 241 Pension Plan v. First Allmerica Financial Life Ins. Co., 354 F.Supp.2d 203, 207 (N.D.N.Y. 2005) (finding premature a fee request filed before the merits of the case had been fully addressed);  Foley v. Int'l Brotherhood of Electrical Workers Local Union 98 Pension Fund, 91 F.Supp.2d 797, 810 (E.D.Pa. 2000) (finding premature a fee request filed before the merits of the case had been fully addressed); Santasania v. Union Travel Trades Benefit Funds of Central Pennsylvania, No. Civ.A. 3:01-CV-1442, 2003 WL 256778 (M.D.Pa. Feb. 4, 2003) (finding a fee request under 29 U.S.C. § 1132(g)(1) was only properly made "after entry of judgment").

      Because final judgment has not yet been entered in this case, and because the Court has not yet reached a final decision on the merits, the Court RECOMMENDS that Plaintiffs' motion be dismissed without prejudice.

      IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 17, 2007

Goodin v. Innovative Technical Solutions, Civ. No. 06-00344 JMS-BMK; SPECIAL MASTER'S REPORT RECOMMENDING THAT PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS BE DENIED WITHOUT PREJUDICE.